UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSEHOFF, LTD.,                                                                    **DECISION**

               Plaintiff,                                              **and**

  v.                                                                                              **ORDER**

TRUSCOTT TERRACE HOLDINGS LLC,
TRUSCOTT TERRACE HOLDINGS GROUP LLC,                    **14-CV-277S(F)**
TRUSTCOTT TERRACE INTERNATIONAL HOLDINGS
GROUP, LLC,
GREGORY GANNON,
GORDON GANNON,

               Defendants.

_____

APPEARANCES:        BARCLAY DAMON, LLP
                         Attorneys for Plaintiff
                         CHARLES B. von SIMSON, of Counsel
                         200 Delaware Avenue, Suite 1200
                         Buffalo, New York   14202

                         STEPHEN F. SZYMONIAK, ESQ.
                         Attorney for Defendants
                         262 Brompton Road
                         Williamsville, New York 14221


By Decision and Orders filed May 10, 2016 (Dkt. 59), June 27, 2016 (Dkt. 65), and August 23, 2016 (Dkt. 72), Defendants and Defendants' attorney were directed to pay Plaintiff $8,298.02, representing Plaintiff's reasonable attorneys fees and expenses, incurred by Plaintiff in connection with Plaintiff's prior motions to compel, not later than October 23, 2016.  In compliance with the court's several orders, Defendant Truscott forwarded, on October 22, 2016, to Plaintiff its check for $8,298.02 on behalf of all Defendants and Defendants' attorney.  However, because of Plaintiff's allegedly faulty attempted endorsement to one of Plaintiff's subsidiaries, Defendant Truscott's bank dishonored the check.  Plaintiff failed for unexplained reasons to further attend to the

matter until May 8, 2017, when Plaintiff through Plaintiff's counsel requested

Defendants issue a replacement check, a request which was not immediately

accommodated by Defendants.  Thereafter, the check was endorsed by Plaintiff, on

May 26, 2017, to Plaintiff's counsel, however, upon presentment, Defendant Truscott's

bank dishonored the check for staleness.  Plaintiff thereupon again requested, on June

12, 2017, Defendants issue a replacement check in the required amount but Plaintiff's

request received Defendants' unsympathetic reception resulting in Defendants' motion,

filed July 14, 2017 (Dkt. 73) ("Defendants' motion"), requesting guidance with respect to

Defendants' continued obligation, under the circumstances, to pay Plaintiff the court

ordered sanctions.  By papers filed July 27, 2017 (Dkt. 76), Plaintiff, unsurprisingly,

cross-moved for an order directing Defendants issue a replacement check to satisfy the

sanctions on Defendants and Defendants' counsel imposed by the court's three prior

Decision and Orders ("Plaintiff's motion").  Defendants' Reply was filed August 4, 2017

(Dkts. 78 and 79, which are identical) ("Defendants' Reply").  Although the parties

disagree whether Defendants' motion seeks an advisory opinion, which federal courts

are without jurisdiction to issue, *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)

("a federal court lacks the power to render advisory opinions"), what Defendants seek in

their motion is declaratory relief because what is at issue in Defendants' motion is not

the answer to a hypothetical question but, rather, the "adjudication of present rights

upon established facts."  *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977) ("For a

declaratory judgment to issue, there must be a dispute which calls, not for an advisory

opinion upon a hypothetical basis, but for an adjudication of present right upon

established facts.").  Declaratory relief, however, is available only as a final judgment

and not, as Defendants request, interim relief.  28 U.S.C. § 2201(a).  Accordingly, even

characterizing Defendants' motion as one which seeks a form of declaratory guidance,

the court is without jurisdiction over Defendants' motion.  On the other hand, with

respect to Plaintiff's cross-motion, courts may, and usually do, enforce sanctions

awarded pursuant to Rule 37 prior to final judgment in the case, *see LiRong Gao v.*

*Perfect Team Corp.*, 2014 WL 2465589, at **5-6 (E.D.N.Y. Apr. 15, 2014) (citing

caselaw), *Report and Recommendation adopted*, 2014 WL 2465589, at *1 (E.D.N.Y.

May 30, 2014), rather than require the prevailing party to seek to enforce the award by

entry and execution of a judgment and avoiding engaging in post-judgment collection

practice.  *Id.*  In this case, Defendants having made no effort to demonstrate any

inability to pay the court's sanction award, *see LiRong Gao,* 2014 WL 2465589, at *6

(citing cases), the court, having jurisdiction to do so, in its discretion addresses the

merits of Plaintiff's cross-motion.

Stripped to its essentials, Defendants' motion posits that Plaintiff's unverified

reasons for improper endorsement to Plaintiff's subsidiary and delayed presentment of

Defendant Truscott's check amounts to a waiver of Plaintiff's right to seek the relief

granted by the court awarding sanctions against Defendants and defense counsel (Dkt.

73 ¶ 18) and that under N.Y. UCC § 3-203, the dispute is now one between Plaintiff's

counsel, as Plaintiff's transferee, against Truscott as payor, thereby causing the current

dispute to fall outside the scope of the instant lawsuit, *id.* ¶ 20, based on Plaintiff's

unexcused delay in timely presentment of Truscott's check.  Dkt. 78 ¶¶ 7-8.  Defendants

also speculate Plaintiff's corporate miscues in attempting to deposit Truscott's check

may have been in bad faith thereby somehow, without further explanation or authority,

relieving Defendants and counsel of their obligation to pay the sanctions, *id.* ¶ 29, describing Plaintiff's failure to provide consistent explanations for the incorrect endorsement by Plaintiff and eventually delay in further presentment of the check by Plaintiff's attorneys, as a "mystery."

However, in the court's view the only "mystery" here is why Defendants would wish to engage the court in unnecessary motion practice before agreeing to do what the court has required, and Defendants appear to recognize – pay Plaintiff the $8,298.02 Defendants and counsel are obligated to do in compliance with the court's orders. That in Defendants' opinion, Plaintiff may have mishandled the failed presentment of the check based on Defendants' several allusions to Article 3 of New York's Uniform Commercial Code governing commercial paper is irrelevant as the dispute does not turn on state law, and the enforceability of a federal court's sanction order cannot be hindered by the operation of state law. *See Levitin v. Paine Webber, Inc.*, 159 F.3d 698, 705 (2d Cir. 1998) (to the extent New York's U.C.C. applies, it is, pursuant to the Supremacy Clause, preempted where inconsistent with federal law). Regardless of whether Truscott's bank's action in rejecting Plaintiff's endorsement was legally correct, Defendants' obligation, one created under federal law, to fully comply with the court's sanctions order remained unaffected, and could have been satisfied by other means such as a cash or cash equivalent payment. Such a mistake and delay by Plaintiff in presenting Truscott's check conceivably, if unduly extensive, could result in some form of estoppel of Plaintiff's right to enforce the sanction, but that is not the case here. Plaintiff promptly presented the check, albeit with the problematic initial inter-corporate endorsement, later rejected by Truscott's bank and, after some delay, attempted to

again seek payment by endorsing the check to Plaintiff's attorneys. Mistakes happen in the business world; however, without condoning Plaintiff's poor handing of the check the court nevertheless finds Plaintiff did not unduly delay in enforcing the court's sanctions and orders and has made a reasonable request for a replacement check that should have been immediately accommodated instead of being met with Defendants' blizzard of pettifoggery and otherwise unjustified refusal. As the funds necessary to cover a replacement check remain in Truscott's account, Defendants point to no (none!) prejudice (other than a minor administrative inconvenience in issuing the replacement check) if Plaintiff's request is granted.

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 73) is DISMISSED for lack of jurisdiction; Plaintiff's cross-motion (Dkt. 76) is GRANTED. Defendants shall tender a replacement check in the amount of $8,298.02 payable to Plaintiff's counsel Barclay Damon, attention: Charles von Simson, Esq. or by delivery of cash or cash equivalent in the same amount, within 14 days of this Decision and Order. Failure to do so may result in further proceedings including a certification of the matter pursuant to 28 U.S.C. § 626(e)(6)(B)(iii).

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  August 23, 2017
        Buffalo, New York